[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-11920

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

BRYANT KEITH BENTLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:97-cr-00014-RAL-TGW-2

_____

Before WILLIAM PRYOR, Chief Judge, LUCK and LAGOA, Circuit Judges.

PER CURIAM:

Bryant Bentley, a federal prisoner, appeals *pro se* the denial of his motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A). He argues that the district court abused its discretion by failing to consider the statutory sentencing factors, *id.* § 3553(a), and by finding that he failed to establish extraordinary and compelling reasons for release. The government moves for summary affirmance and for a stay of the briefing schedule because Bentley has not challenged the separate finding that he still poses a danger to the community. *United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021). We grant the motion for summary affirmance and deny as moot the motion for a stay of the briefing schedule.

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

We review a denial of a prisoner's motion for compassionate release for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes clearly erroneous factual

findings. *United States v. Barrington*, 648 F.3d 1178, 1194 (11th Cir. 2011).

A district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015). A district court may reduce a term of imprisonment, under section 3582(c)(1)(A), "if (1) the § 3553(a) sentencing factors favor doing so, (2) there are extraordinary and compelling reasons for doing so, and . . . (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (quotation marks omitted). The district court may consider these factors in any order, and the absence of any of the three forecloses a sentence reduction. *See id.* at 1237–38. And a district court need not analyze the sentencing factors if it finds either that no extraordinary and compelling reason exists or that the defendant is a danger to the community. *Giron*, 15 F.4th at 1347.

To reverse an order that is based on multiple, independent grounds, an appellant must convince us "that every stated ground for the judgment against him is incorrect." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). "When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Id.*; *United States v. Maher*, 955 F.3d 880, 885 (11th Cir. 2020) (applying this principle in the

criminal context). *Pro se* pleadings are liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

Construing Bentley's brief liberally, he challenges, at most, the finding that his medical conditions did not constitute extraordinary and compelling circumstances and argues that the district court failed to consider the statutory sentencing factors in its denial. *Tannenbaum*, 148 F.3d at 1263. But he does not challenge the finding that he still presented a danger to the community and, so, has abandoned that argument. *See Sapuppo*, 739 F.3d at 680; *Maher*, 955 F.3d at 885. Because Bentley has failed to challenge one of the independent grounds on which the district court based its judgment, we affirm and need not address his other arguments. *See Tinker*, 14 F.4th at 1237; *Sapuppo*, 739 F.3d at 680; *Maher*, 955 F.3d at 885.

Accordingly, we **GRANT** the government's motion for summary affirmance and **DENY AS MOOT** its motion to stay the briefing schedule. *See Groendyke Transp.*, 406 F.2d at 1162.

**AFFIRMED.**